IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| TERRY JACKSON, d.b.a W.S.A.E & W.C. LLC | CV 18-43-BU-BMM-JCL |
| Plaintiff, | |
| vs. | ORDER |
| CITY OF BOZEMAN, and GREG SULLIVAN, City Attorney, | |
| Defendants. | |

On March 6, 2019, Plaintiff Terry Jackson, appearing pro se, filed a motion titled "Motion disparate impact". The motion, consistent with the allegations in his complaint, asserts he has been subjected to discrimination. But the motion does not request any specific relief.

Fed. R. Civ. P. 7(b) requires that a motion filed with the Court must "state with particularity the grounds for seeking the order[,]" and it must "state the relief sought." Jackson's March 6, 2019 motion does neither. Therefore, IT IS HEREBY ORDERED that the motion is DENIED.

On March 13, 2019, Jackson filed a motion asking that presiding United States District Court Judge Brian Morris and I both disqualify ourselves from further involvement in this matter. Because such a motion must be decided by the

judge whose impartiality is being questioned,[1] this order addresses Jackson's motion only to the extent it applies to me. In that respect, his motion is denied.

Jackson does not identify a statutory basis for his motion. Therefore, I will construe the motion as a request for my disqualification under 28 U.S.C. § 455. Section 455 is a self-executing disqualification statute. It provides in relevant part as follows:

> (a) Any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b) He shall also disqualify himself in the following circumstances:

>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. § 455(a) and (b).

The test for disqualification under § 455(a) is an objective one, pursuant to which recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997). This "reasonable third-party observer" is not "hypersensitive or unduly suspicious," and "is not a 'partly informed man-in-the-street[.]'" *United States v. Holland*, 519 F.3d 909, 914

---

[1] *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994).

(9th Cir. 2008). Rather, the reasonable person is a "well-informed, thoughtful observer," and "someone who 'understands all the relevant facts' and has examined the record and the law." *Holland*, 519 F.3d at 914.

Jackson's motion presents very incoherent arguments in support of his request for recusal. As best as can be ascertained from his motion, it appears Jackson merely speculates that when I was a private lawyer engaged in the practice of law prior to becoming a judge, I may have had some contact with some of the parties or witnesses involved in this case. Beyond his speculation, Jackson does not identify any actual prior connection or involvement I had with any party or witness. His speculation does not present facts on which an objective person would conclude that my impartiality might reasonably be questioned.

It is important to note that the objective standard to be applied under section 455 must "'not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest suggestion of personal bias or prejudice.'" *Holland*, 519 F.3d at 913 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)). "[J]udges are not to recuse themselves lightly under § 455(a)" and should participate in cases assigned if there is no legitimate reason for recusal. *United States v. Sierra Pacific Industries*, 2010 WL 4777842 *6 (E.D. Cal. 2010) (quoting *United States v. Synder*, 235 F.3d 42, 45 (1st Cir. 2000)); *Holland*,

519 F.3d at 912. In other words, judges "must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal is not appropriate." *Sierra Pacific Industries*, 2010 WL 4777842 *2 (citing *Holland*, 519 F.3d at 912).

To recuse myself under the speculative circumstances Jackson suggests might exist would be to encourage the misuse of 28 U.S.C. § 455. In fact, I have an obligation to not recuse myself under these circumstances. *See e.g. In re Yellowstone Mountain Club, LLC,* 2011 WL 766979 *5 (Bkrtcy. D. Mont. 2011) (recognizing that a judge has a "corresponding obligation to not recuse and to serve on assigned cases when no reason to recuse exists").

Because Jackson has not identified any legitimate basis for my recusal under section 455, IT IS ORDERED that Jackson's motion for disqualification or recusal is DENIED to the extent it applies to me.

DATED this 14th day of March, 2019.

Jeremiah C. Lynch
United States Magistrate Judge