IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| TERRY JACKSON, d.b.a W.S.A.E & W.C. LLC<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BOZEMAN, and GREG SULLIVAN, City Attorney,<br><br>Defendants. | CV 18-43-BU-BMM-JCL<br><br>FINDINGS AND RECOMMENDATION |

Plaintiff Terry Jackson commenced this action with his Complaint submitted on July 9, 2018, and deemed filed as of October 9, 2018. By Order entered October 12, 2018, the Court set a preliminary pretrial conference for January 8, 2019.

But on December 6, 2018, the Court issued an order granting Jackson's motion for a continuance and resetting the preliminary pretrial conference for March 5, 2019, because Jackson had not served his Complaint on any of the named Defendants. The Court advised Jackson that under Federal Rule of Civil Procedure 4(m), he was required to effect service by January 7, 2019. The December 6, 2018 Order also established February 26, 2019 as the deadline for filing the joint discovery plan, preliminary pretrial statements, and statement of stipulated facts.

On January 3, 2019, the Court issued an order cautioning Jackson that his failure to either (1) effect service of process by January 7, 2019, or (2) comply with deadlines imposed by the Court, may subject this action to dismissal under authority of Fed. R. Civ. P. 4(m) and 41(b).

On February 26, 2019, the Court issued an Order noting that Jackson had not filed the documents that were due from him that date. The Court also noted Jackson had not filed proof of service establishing that he served a copy of the summons and complaint on each of the Defendants. Therefore, the Court vacated the March 5, 2019 preliminary pretrial conference.

Furthermore, the Court ordered Jackson to file, on or before March 12, 2019, a brief showing good cause under Fed. R. Civ. P. 4(m) for his failure to serve Defendants. On March 22, 2019, Jackson filed a motion to continue the deadline for serving his complaint upon Defendants. And on March 25, 2019, Jackson filed a motion he titled as a motion for "summary judgment." But, for the reasons discussed, the Court finds that Jackson has not shown good cause for his failure to serve Defendants.

As noted in the Court's February 26, 2019 Order, unless a plaintiff "shows good cause" for failing to timely serve a complaint on a defendant, "the court – on motion or on its own after notice to the plaintiff - must dismiss the action without

prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

In his motion to continue, Jackson states he had unexpected automobile expenses, and he has experienced certain undescribed medical issues. Jackson reconfirms, however, that his annual income is near $60,000 per year. And he does not explain how his automobile expenses and medical issues have prevented him from effecting service of a summons and the complaint on each Defendant.

Next, in his motion requesting summary judgment, Jackson argues matters relevant to the claims presented in his complaint suggesting Defendants have treated him unfairly and have interfered with his window washing business. But his motion does not present any information qualifying as good cause for his failure to serve Defendants.

Based on the foregoing, the Court finds Jackson has failed to show good cause as required under Fed. R. Civ. P. 4(m) to explain his failure to effect service of process on the Defendants. Therefore, IT IS RECOMMENDED that this action be DISMISSED without prejudice pursuant to Rule 4(m).

DATED this 26th day of March, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge